IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH CAPANNA,<br>    Plaintiff | CIVIL ACTION<br><br>NO: |
| v. | |
| SOAR CORPORATION,<br>    Defendant | |

## COMPLAINT AND JURY DEMAND

I. **INTRODUCTION**

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Amendments Act of 2008 ("ADAA"). These claims are brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination with respect to her compensation, terms, conditions and privileges of employment by the Defendant.

II. **JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, the ADA, and ADAA, which provide for original jurisdiction of Plaintiff's claims arising

under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

5. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

6. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on March 18, 2014 and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. **PARTIES**

7. Plaintiff, Sarah Capanna, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 2525 Welsh Road, Apt.#N1, Philadelphia, Pennsylvania.

8. Defendant, Soar Corporation, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 9150 Marshall Street, Philadelphia, Pennsylvania.

9. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA, ADAA, and PHRA, and is subject to the provisions of each Act.

IV. **STATEMENT OF CLAIMS**

11. The Plaintiff was employed by the Defendant, an addiction recovery/rehabilitation clinic, from in or about September, 2012 until on or about April 10, 2013, when she was terminated as a result of the unlawful employment practices complained of herein.

12. At all times material herein, the Plaintiff is and was rehabilitated drug abuser, and therefore maintains a disability within the meaning of the ADA, ADAA, and PHRA, in that her condition substantially limits her in a major life activity, she was perceived as being disabled by the Respondent, and/or maintained a record of impairment.

13. Prior to her hire by the Defendant, the Plaintiff participated as a patient in the Defendant's drug recovery clinic.

14. As a result of her success as a patient in Defendant's clinic, the Plaintiff was actively solicited to work for the Defendant in the capacity of a Certified Peer Specialist Foreman ("CPSF").

15. The Defendant's management was well aware of the nature and extent of the Plaintiff's disability, as well as her need for continued treatment in their clinic at the time she was being solicited for employment.

16. Ultimately, the Plaintiff was hired by the Defendant as a CPSF in or about September, 2012.

17. The Plaintiff performed her job functions as a CPSF in a dutiful and competent manner.

18. The Plaintiff was never the subject of any written discipline and had been told she was performing her job duties and responsibilities in an exemplary manner.

19. Throughout her employment, the Plaintiff also continued to undergo drug rehabilitation treatment as a patient in the Defendant's clinic.

20. On or about April 10, 2013, the Plaintiff was abruptly and without warning terminated from her position of employment.

21. Without legitimate reason or explanation, the Plaintiff was informed by Mark Besden, Executive Director, that she was being terminated due to the fact that the Defendant's policy did not permit her to her work for the Defendant while participating as a patient in their recovery clinic. No further explanation was provided to the Plaintiff for her dismissal.

22. The Plaintiff was discharged from her position of employment due to her participation as a patient in a drug rehabilitation program.

23. The Plaintiff believes and therefore avers that the reason asserted for her termination constituted discrimination against her on the basis of her known disability, perception of disability and/or record of impairment in violation of the ADA, ADAA, and PHRA.

## COUNT I
## (ADA/ADAA)
### Plaintiff v. Defendant

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein at length.

25. The actions of the Defendant through its agents, servants and employees, by terminating the Plaintiff due to her disability, perception of disability, and/or record of impairment, constituted a violation of the ADA and the ADAA.

26. The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of her employment constituted a violation of the ADA and the ADAA.

27. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
### Plaintiff v. Defendant

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29. The actions of the Defendant, through its agents, servants and employees, in terminating the Plaintiff due to her disability, perception of disability, and/or record of impairment, constituted a violation of the PHRA.

30. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

31. As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of potential earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of potential back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

32. Plaintiff repeats the allegations of paragraph 1 through 31 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

        THE LOVITZ LAW FIRM, P.C.

By: _____
        KEVIN I. LOVITZ, ESQUIRE
        ID # 70184
        1700 Market Street, Suite 3100
        Philadelphia, PA 19103
        (215) 735-1996 Phone
        (215) 735-1515 Fax
        Attorney for Plaintiff,
        Sarah Capanna